IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DON STRICKERT and** § | | |
| **NANCY MARIOLES, individually and** § | | |
| **on behalf of the Estate of** § | | |
| **VIRGINIA STRICKERT,** § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. **3:08-CV-412-L** | |
| § | | |
| **THI OF TEXAS AT RICHARDSON,** § | | |
| **L.L.C. d/b/a THE VILLAGE AT** § | | |
| **RICHARDSON,** § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Remand, filed March 20, 2008. After careful consideration of the motion, response, briefs, record and applicable authority, the court **grants** Plaintiffs' Motion to Remand.

**I.     Procedural and Factual Background**

Don Strickert and Nancy Marioles ("Plaintiffs") originally filed this action, individually and on behalf of the estate of Virginia Strickert, on June 26, 2007, in County Court at Law No. 1, Dallas County, Texas, against THI of Texas at Richardson, L.L.C. d/b/a The Village at Richardson ("The Village") and John Wilson, M.D. ("Dr. Wilson"). Plaintiffs, who are Virginia Strickert's adult children, contend that The Village was negligent and grossly negligent in the manner in which it provided nursing care to Mrs. Strickert and that the alleged negligence and gross negligence were proximate causes of Mrs. Strickert's injuries, death, and damages. Plaintiffs contend that Dr. Wilson was negligent in several respects regarding the manner in which he provided medical care to Mrs.

**Memorandum Opinion and Order - Page 1**

Strickert and that the alleged negligence was a proximate cause of Mrs. Strickert's injuries, death, and damages.

On January 9, 2008, Plaintiffs filed a Notice of Non-Suit as to Dr. John Wilson pursuant to Rule 162 of the Texas Rules of Civil Procedure. The notice stated unequivocally that the nonsuit was without prejudice, that it was a nonsuit of Dr. Wilson only, and that Plaintiffs no longer desired to prosecute their claim against Dr. Wilson. This notice was received by The Village by facsimile on January 7, 2008, two days before it was actually filed. The Village does not dispute that its counsel received the notice on January 7, 2008. On February 3, 2008, an Agreed Docket Control Order was entered on the state court docket. This order was signed by Plaintiffs' counsel, The Village's counsel, and the court. Dr. Wilson's counsel did not sign this order, but in the signature block for his counsel is the word "non-suited."

On February 10, 2008, Judge D'Metria Benson signed an order stating, "[t]he above styled and numbered cause, having been previously non-suited without prejudice by Plaintiff[s] pursuant to Texas Rule of Civil Procedure 162, is hereby dismissed against Defendant Dr. John Wilson[.]" Order on Non-Suit of Dr. John Wilson.[1] On March 12, 2008, The Village removed the state court action to federal court.

Plaintiffs contend that The Village's removal was not made within thirty days of the date The Village was on notice that the case was removable and that it is therefore untimely. The Village, on the other hand, contends that the thirty-day period did not begin to run until the state court judge

---

[1]The court notes that February 10, 2008, was a Sunday and doubts that the order was actually signed by the court and filed on this date. The probable date is February 11, 2008. In any event, the court will continue to use the February 10th date because it does not affect the court's analysis and the parties use this date.

**Memorandum Opinion and Order - Page 2**

signed the order of dismissal on February 10, 2008, and that it filed its notice of removal within thirty days of this date.

## II. Plaintiffs' Motion to Remand

### A. Applicable Law

The procedure that a defendant must follow in removing an action from state to federal court is set forth in 28 U.S.C. § 1446. This statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

The parties do not dispute that when this case was initially filed in state court complete diversity of citizenship between the parties did not exist. This was because Plaintiffs and one of the defendants, Dr. Wilson, are citizens of the state of Texas. As complete diversity between the parties did not exist initially, this court lacked jurisdiction, and the case was therefore not removable. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Accordingly, the second paragraph of section 1446(b) governs when the removal clock is triggered. The court must now

decide the following: when was The Village put on notice by which it could first ascertain that the state case was removable?

The crux of The Village's argument is that the thirty-day removal clock was triggered by the state court's nonsuit order rather than the notice of nonsuit. The Village takes the position that until the state judge signed the order of nonsuit, Dr. Wilson was not "effectively dismissed" from the state court lawsuit. The court finds this argument unavailing.

### B. Analysis

Under Texas law,

> [a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or non-suit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.
>
> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

Tex. R. Civ. P. 162. A nonsuit is effective the moment it is filed. *University of Texas Med. Branch at Galveston v. Estate of Darla Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006). The filing of a nonsuit "extinguishes a case or controversy from the moment the motion [to nonsuit] is filed." *Id.* (internal quotation marks and citations omitted). "While the date on which the trial court signs an order dismissing the suit" starts the clock "for determining when a trial court's plenary power expires," the signing of an order of dismissal has no effect on the nonsuit. *Id.* (internal quotation marks and

citations omitted). A trial court's order in dismissing a case after a nonsuit has been filed is merely ministerial. *Id.*; *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990).

A plaintiff's right to nonsuit or dismiss is subject to few limitations. *Hoodless v. Winter*, 16 S.W. 427, 428 (Tex. 1891); *In the Matter of R.G. Jr.*, 865 S.W.2d 504, 508 (Tex. App.—Corpus Christi 1993, no writ). None of the limitations set forth in Rule 162 is present in this case. Moreover, The Village is not seeking any kind of affirmative relief, has not argued that it is seeking such relief, and has not argued that any of the few limitations set forth in Rule 162 applies to this case. The recurring theme for The Village is that the order of dismissal, rather than the filing of the notice of nonsuit, triggers the removal clock.

In this action, The Village was aware that Plaintiffs nonsuited Dr. Wilson when it received a copy of the notice on January 7, 2008. The notice was subsequently filed on January 9, 2008. The Village was further put on notice on February 3, 2008, when its counsel signed the Agreed Docket Control Order, which clearly reflected that Dr. Wilson had been nonsuited. When Dr. Wilson was nonsuited on January 9, 2008, he was no longer a party to the state action. When Dr. Wilson, the nondiverse defendant, was removed from the lawsuit as a party on January 9, 2008, complete diversity then existed between Plaintiffs and The Village. That the state court did not sign an order of dismissal until a month later is of no moment because such an order was merely ministerial and did not trigger the start of the removal clock. The removal clock commenced to run on January 9, 2008, when the notice of nonsuit was filed, because this was when it could be first ascertained by The Village that the state case was one that had become removable to federal court. The Village did not file its notice of removal until March 12, 2008, more than sixty days after it first became ascertainable to The Village that the case had become removable. As the removal was filed more

than sixty days after The Village was first able to ascertain that the case was removable, it is untimely under section 1446(b).[2]

The Village strenuously argues that the second paragraph of section 1446(b) specifically allows an "order" to serve as one of the documents that will trigger the right to remove. This is correct insofar as it goes; however, it does not carry the day for The Village. The second paragraph also includes the term "other paper" as one of the documents that may trigger the removal clock. Had the order of dismissal been the only document in play, The Village would be correct; however, in this case, the notice of nonsuit served as the "other paper" that clearly put The Village on notice, well before the order of nonsuit, that complete diversity existed between the parties and the case was therefore removable.

Further, The Village's argument that a formal order of dismissal is necessary for purposes of triggering appellate timetables is equally without merit. The court recognizes that an order of dismissal by the state court is necessary to trigger state appellate timetables and for determining when a state court's plenary powers expire. *Estate of Blackmon*, 195 S.W.3d at 100. There is, however, no corresponding federal authority that holds an order of dismissal is necessary to start the removal clock under section 1446(b). Moreover, the language in section 1446(b) is plain and unequivocal that once it can be ascertained that a case is removable, the thirty-day period begins to run. This event occurred when the notice of nonsuit was filed in state court on January 9, 2008.

---

[2]Even if the court uses February 3, 2008, the day the Agreed Docket Control Order was signed, the removal was not filed within thirty days.

**Memorandum Opinion and Order - Page 6**

### III. Attorney's Fees

Plaintiffs have made a request for attorney's fees for services performed regarding the removal and remand of this case. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293.

The Village contends that Plaintiffs are not entitled to attorney's fees because the action was timely removed and because it acted in good faith when it filed the removal. The court disagrees.

Texas law is well-settled regarding the effect of a nonsuit or voluntary dismissal. The court previously set forth the law regarding the effect of a nonsuit and finds it unnecessary to restate it. Regardless of The Village's subjective intent and legal legerdemain, the court concludes that, in light of obvious and long-established law, The Village had no objectively reasonable grounds to remove this action to federal court. Moreover, the court finds troubling that The Village gave the incorrect answer to a question on the Civil Cover Sheet for Cases Removed from State Court. The correct date of nonsuit was January 9, 2008, yet Defendant answered that it was February 10, 2008, which is the date of the order of dismissal. The court finds this statement misleading. The court does not believe this was an oversight because The Village, as evidenced by its filings, has consistently sought to minimize the significance of the date of the nonsuit.

For the reasons stated, this action should have never been removed, which should have been readily ascertainable to Defendant. The court and Plaintiffs have expended unnecessary time and effort on a matter that should have never come into play. Based on the facts and circumstances of

**Memorandum Opinion and Order - Page 7**

this case, the court determines that Defendant did not have objectively reasonable grounds to believe that removal of this action to federal court was legally proper.

Plaintiffs request $3,500 as reasonable attorney's fees. This is based on the affidavit of Plaintiffs' counsel, Mr. Thomas G. Kemmy. Mr. Kemmy states that he has expended more than ten hours in filing the Plaintiffs' Motion to Remand; that his hourly rate is $350; that he is familiar with and has experience in matters related to this action; that $3,500 is a reasonable attorney's fee in this case in light of the time spent, nature of the case, and the services performed; and that he is a licensed attorney of the state of Texas who has practiced law for twenty-one years.

The Village objects to an award of attorney's fees but provided no evidence contesting the reasonableness of the fees requested. Based upon the affidavit of Mr. Kemmy, the court's knowledge of what constitutes a reasonable rate for attorneys with the level of skill and experience of Mr. Kemmy, the court's experience in setting fees in other cases, and The Village's failure to contest the amount of fees requested, the court **determines** that $350 per hour is a reasonable fee for an attorney with Mr. Kemmy's level of experience and skill and that the ten hours expended by Mr. Kemmy were reasonable and necessary in obtaining a remand of this case to state court. Accordingly, the court **awards** Plaintiffs the sum of **$3,500** as reasonable attorney's fees for the successful remand of this action.

### IV. Conclusion

For the reasons stated herein, the court determines that The Village did not timely remove this action to federal court within thirty days of the time it first became ascertainable that the case was removable as required by 28 U.S.C. § 1446(b). The court therefore **grants** Plaintiffs' Motion to Remand and **remands** this action to County Court at Law No. 1, Dallas County, Texas. The clerk of the court shall effect the remand in accordance with the usual procedure. The court **awards**

**Memorandum Opinion and Order - Page 8**

Plaintiffs attorney's fees in the amount of **$3,500**. Defendant shall pay this amount to Plaintiffs within thirty days from the date of entry of this order.

**It is so ordered** this 27th day of August, 2008.

Sam A. Lindsay
United States District Judge